IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick L. Cabbagestalk,  )<br>                                                     )<br>                          Plaintiff,       )<br>                                                     )<br>v.                                                  )<br>                                                     )<br>Lt. McMillian, *Classification*; Major Darryl )<br>McGainey, *Major of Security*; Lt. Glover, )<br>*Disciplinary Hearing Officer*, *in their*   )<br>*individual and official capacity as county* )<br>*employees*,                                  )<br>                                                     )<br>                          Defendants.   )<br>_____ ) | C/A No.  0:13-0212-MGL-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Frederick L. Cabbagestalk, ("Plaintiff"), a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983, alleging violation of the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that the claims against Defendant Sumter-Lee Regional Detention Center should be summarily dismissed.

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 31-35 (1992); Neitzke v. Williams, 490

U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519, 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-56 (4th Cir. 1995) (*en banc*); and Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. at 324-25; Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319, 321-23 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him or her, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The complaint fails to state a claim upon which relief may be granted as to Defendant Sumter-Lee Regional Detention Center.  To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege:  (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3)  by a person acting under color of state law.  See 42 U.S.C. § 1983.  The Sumter-Lee Regional Detention Center is not a "person" within the meaning of § 1983. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).    The Detention Center consists of buildings, facilities, and



grounds—inanimate objects that do not act under color of state law—and thus is not a "person" within the meaning of §1983.  See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), rev'd on other grounds 2000 WL 20591, *1 (4th Cir. 2000) (unpublished) ("The court also properly determined that the Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under  § 1983  are directed at 'persons' and the jail is not a person amenable to suit.").  Therefore, Defendant Sumter-Lee Regional Detention Center should be summarily dismissed from this action without prejudice and without service of process.

On February 20, 2012, Plaintiff also filed a motion for preliminary injunction (ECF No. 13), which relates to law library access.  Plaintiff is not entitled to law library access at the Sumter-Lee Regional Detention Center.  The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail to have a law library, Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987), because county jails are generally short-term facilities.

In any event, Plaintiff is not entitled to a preliminary injunction.  To obtain injunctive relief, a plaintiff must establish:  (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) the injunction is in the public interest.  Winter v. Natural Res. Def. Counsel, Inc., 555 U.S. 7, 19-20 (2008).  All four requirements must be satisfied.  The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009) (vacated on other grounds by 130 S. Ct.



2371 (2010) and reissued in part by 607 F.3d 355 (4th Cir. 2010)), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2]

Furthermore, to obtain injunctive relief, a plaintiff must demonstrate more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. Real Truth About Obama, Inc., 575 F.3d at 346 (citing Winter, 555 U.S. at 19-22). Since there is no constitutional right for a pretrial detainee at a county jail or local detention facility to have access to a law library, Plaintiff fails to satisfy any of the four requirements for issuance of a preliminary injunction.

## RECOMMENDATION

Accordingly, the court recommends that the claims against Defendant Sumter-Lee Regional Detention Center be dismissed without prejudice and without service of process. It is also recommended that Plaintiff's motion for preliminary injunction (ECF No. 13) be denied. By separate order, service of process is authorized with regard to the other named defendants.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 21, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).