IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frederick L. Cabbagestalk, | ) | Civil Action No.: 0:13-212-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Lt. McMillian, Classification; Major Darryl | ) | |
| McGainey, Major of Security; Lt. Glover, | ) | |
| Disciplinary Hearing Officer, in their individual | ) | |
| and official capacity as county employees, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

At the time of the filing of this action, Plaintiff Frederick L. Cabbagestalk ("Plaintiff") was

a pretrial detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina. Plaintiff

proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging various violations of his

constitutional rights. (ECF No. 1). Also pending before the court is Plaintiff's motion for a

temporary restraining order and/or preliminary injunction relating to law library access. (ECF No.

13).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), D.S.C., this matter

was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling and a Report

and Recommendation ("Report"). The Magistrate Judge filed a Report and Recommendation on

March 22, 2013, in which she recommended that Defendant Sumter-Lee Regional Detention Center

be dismissed without service of process and without prejudice and that Plaintiff's motion for

injunctive relief be denied. The Magistrate Judge further recommended that service of process be

issued with regard to the other named defendants. The Report sets forth in detail the relevant facts

and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge only makes a recommendation to the Court. The recommendation has no presumptive weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Plaintiff filed timely objections to the Magistrate Judge's Recommendation on April 2, 2013 (ECF No. 30).

Plaintiff objects to the Magistrate Judge's recommendation that the court deny his motion for a temporary restraining order and/or preliminary injunction which relates to law library access. (ECF No. 30). Plaintiff has offered no particular factual objections to the Magistrate Judge's conclusions. Rather, Plaintiff's objections express his overall disagreement with the Magistrate Judge's conclusions. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir.1982). Nevertheless, this Court has carefully reviewed the record before it.

As explained by the Magistrate Judge, in order to obtain a obtain temporary injunction or a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.* 555 U.S. 7, 19-20 (2008). As further explained by the Magistrate Judge, the Fourth Circuit Court of Appeals has held that local jails, designed for

-2-

temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987). Also in *Mage*e, the court indicated that a lack of access claim should be dismissed if the plaintiff fails to allege a specific problem he wishes to research and further fails to show actual harm/specific injury. *Id*

In this action, Plaintiff has not shown that he is likely to succeed on the merits or that he is likely to suffer irreparable harm. He is in a local jail, which is not required to have a law library. Plaintiff also fails to indicate a specific problem he needs to research. Furthermore, the plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest. As such, the court overrules Plaintiff's objection to the Magistrate Judge's recommendation that Plaintiff's motion for preliminary objection be denied.

Plaintiff does not object to the Magistrate Judge's recommendation that the Sumter-Lee Regional Detention Center be dismissed. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

## CONCLUSION

After careful review of the record, the applicable law, the Report and Recommendation and Plaintiff's objections, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is **DISMISSED** without prejudice and without issuance and service of process as to Defendant Sumter-Lee Regional Detention Center. Further, Plaintiff's motion for a temporary retraining order and/ or preliminary injunction (ECF No. 13) is **DENIED**. This case will continue to proceed against Defendants Lt. McMillian, Major Darryl McGainey, and Lt. Glover, in their individual and official

capacity as county employees.   This matter is recommitted to the Magistrate Judge for further pretrial handling.

IT IS SO ORDERED.


s/Mary G. Lewis
United States District Judge

August 6, 2013
Spartanburg, South Carolina

.